In the Matter of the Transfer Tax upon the Estate of AUGUSTA DAVID, Deceased.

Surrogate's Court, Monroe County, October 18, 1928.

*Isaac Adler,* for the executor, appellant.

*M. E. Gibbs* [*Seth T. Cole* of counsel], for the State Tax Commission.

FEELY, S. The question presented upon this appeal from the *pro forma* tax order herein is how to impose the transfer tax where the same person, to whom the income of the trust estate is given for her own lifetime, is also given such part of the principal as the trustees may deem necessary for her comfortable support.

The facts are that upon the death of this testatrix on June 2, 1927, an estate of $41,351.10 was given by her last will as follows: *First,* by creating a trust to yield an income of from $2,500 to $3,000 a year to be paid to her daughter, Blanche, who at the date of testatrix's death was forty-one years of age, so long as she should remain unmarried, with authority in the executors to pay her any part of the principal that might in their judgment become necessary for her comfortable support; and in the event of her marriage to pay her $3,000; and then all the rest of the estate is given equally

to the children of the testatrix, including Blanche, the beneficiary of said trust, the issue of any deceased child to take the parent's share, presumably as of the death of testatrix.

In the *pro forma* order the present net taxable value of the life use of the income was assessed at $23,358.67, and that of the principal, as comestible, at $41,351.10; making a total of $64,709.77; of which $25,000 at one per cent yields $250; and the $39,709.77 at two per cent yields $794.20; thus on $64,709.77 total tax of $1,044.20.

The executor claims that inasmuch as principal is consumed income is lost, it is impossible for the life tenant to use up all of both life income and also principal itself; and so the principal and the life estate should be taxed separately against the same person. Thus, the principal being $41,351.10, $25,000 at one per cent yields $250; $16,351.10 at two per cent yields $357.02. The life estate being $23,359.67, at one per cent yields $233.59, making total tax of $810.61.

Here, while in the abstract it is a contradiction in terms to say the beneficiary might enjoy all of the income all of her life and at the same time consume all of the principal from which it is derived, yet it is not impossible to approximate that very result, if, for example, the trustees paid to the beneficiary income for the greatest portion of her life, and then as an incident of her last sickness — including under a trust of this kind the expenses of her funeral and monument — should have to use up all the principal for medical and other care in the course of a year or two. On a trust of this size and terms, the court would allow for the funeral expenses a sum about equal to one year's income. It is also possible that the estate might depreciate in value during the term. While it is not probable that a sum of about $39,000 would be expended in two years, still it is legally possible for the executors to do so for her comfort, according to her station in life, as the will does not limit them to the bare necessities of existence. As a matter of possibility, she could enjoy income, say, for ninety per cent of her life, and in the remaining portion of her term use up all the principal, or a very great part of it. As there is no way to determine now what those outstanding fractions will be in each case, no injustice can result in asking the whole of each to be regarded as the basis of the security to be given for the payment of the ultimate tax on the transfer of each as the event may prove it to be. The *pro forma* order was computed on that basis.

This discussion has followed hitherto the issue as presented by the appellant. On the argument the counsel for the State Tax Commission pointed out an error in the *pro forma* order not specified

in the notice of appeal, namely, that it was computed without regard to the fact that Blanche David, in any and all contingencies, must receive at least one-fifth of the trust fund. Notwithstanding the time to appeal had expired, the Commission consented that the *pro forma* order might be corrected accordingly, taxing the transfer to her of this presently vested one-fifth interest, and computing her life estate only on the remaining four-fifths, and likewise taxing contingently, and at full undiminished value, the said four-fifths of the trust fund.

Otherwise the method of computing the tax in the *pro forma* order is correct. Let an order be entered correcting the *pro forma* order of March 26, 1928, accordingly, and as so modified affirming the same in all respects.